UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DAVID J. PARILLO, et al.,**

    **Plaintiffs,**

-v-

**NEW WERNER CO., d/b/a WERNER CO.,**
et al,

    **Defendants.**

Case No. 3:14-cv-369

Judge Thomas M. Rose

___

**ENTRY AND ORDER OVERRULING THE PARILLOS' MOTION TO REMAND (Doc. #9)**

___

Now before the Court is a Motion To Remand filed by Plaintiffs David J. Parillo and Theresa K. Parillo (collectively the "Parillos"). (Doc. #9.) This Motion is now fully briefed and ripe for decision. (Doc. Nos. 18 and 20.)

The original Complaint in this matter was filed on November 19, 2013, in the Common Pleas Court of Clark County, Ohio, according to the Clark County Court of Common Pleas docket. However, the original Complaint is not a matter of record in this case and is not available online.

According to the Clark County Court of Common Pleas docket, the original Complaint was served on New Werner Co. ("Werner") on November 25, 2013, and Werner answered on December 23, 2013. An Amended Complaint was filed on May 16, 2014, Werner was served with a copy of this Amended Complaint on May 18, 2014, and Werner answered on June 2, 2014.

On August 29, 2014, the Parillos filed a Second Amended Class Action Complaint. This

Second Amended Class Action Complaint, which is a matter of record in this case (doc. #3), names Werner; New Werner Holding Co (DE) LLC d/b/a Werner Holding Co. ("NWH")[1]; Lowe's Companies, Inc.; and Lowe's Home Centers, Inc. as Defendants.

NWH then removed the matter to this Court based upon this Court having diversity subject matter jurisdiction. NWH's Notice of Removal, filed on October 28, 2014, includes the copy of an Answer by Werner to the Second Amended Class Action Complaint. This Answer indicates that it was filed in the Clark County Common Pleas Court on October 28, 2014.

There is no evidence of record of service on Defendants Lowe's Companies, Lowe's Home Centers or Werner, although Werner answered the Second Amended Complaint and all three have consented to removal. (Doc. ## 14, 15, and 16.) Defendant Lowe's Home Centers has also answered the Second Amended Complaint and indicates therein that it is actually Lowe's Home Centers LLC. (Doc. #19.) Finally, on November 18, 2014, Lowe's Companies, Inc. was dismissed. (Doc. #23.) Thus, Werner, NWH and Lowe's Home Centers, Inc. remain as Defendants.

The Parillos now seek to remand this matter because Defendant NWH's removal is not in accordance with the removal statute, 28. U.S.C. §1446(a). (Doc. #9.) NWH has responded to Parillo's Motion To Remand, and the Parillos have replied. The Parillos' Reply includes a new allegation that NWH's Notice of Removal did not allege unanimity of consent by all defendants.

The removal is not in accordance with §1446(a) because, according to the Parillos, NWH did not attach copies of all process, pleadings and orders served upon defendants. NWH responds that it complied with § 1446(a) because it filed all of the documents served upon it and

---

[1] The Court has been informed that NWH is actually a corporation. (Doc. #17.)

because failure to comply with § 1446(a) is typically not grounds to deny removal. The Parillos reply that NWH was required to attach to its Notice of Removal all of the process, pleadings and orders that have been served in the state court action at the time of removal, and that NWH failed to allege unanimity of consent to removal by all Defendants[2] in its Notice of Removal.

## RELEVANT LEGAL PROVISIONS

Generally, removal statutes are strictly construed "because removal jurisdiction encroaches on a state court's jurisdiction. *US Bank National Association v. Kuehn*, No 3:11-CV-39, 2012 WL 1023362 at *1 (E.D. Tenn. Mar. 26, 2012)(*citing Brierly v. Aluswisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The removal statute at issue here requires a defendant or defendants desiring to remove a civil action to file a notice of removal with a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a)

Although the *Kuehn* Court found that removal statutes are generally strictly construed, the *Kuehn* Court remanded due to a jurisdictional defect. Other district courts have determined that procedural defects are not cause for remand. See i.e. *DriMark Products, Inc. v. Meyercord Co.*, 194 F. Supp. 536 (S.D.N.Y. 1961); *Young v. Community Assessment & Treatment Services, Inc.*, No. 1:07cv1797, 2007 WL 3340033 (N.D. Ohio Nov. 6, 2007). Adopting the well reasoned opinion in *Young*, this Court finds that procedural defects are not reason for remand.

All defendants that "have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In addition, if defendants are served at

---

[2]NWH did not petition the Court to submit a sur-reply, nor did NWH petition the Court to strike the Parillos' Reply Memorandum.

different times, as is the case here, and a later-served defendant files a notice of removal, as is the case here, an earlier-served defendant may consent to the removal even though the earlier-served defendant did not previously initiate or consent to the removal. 28 U.S.C. § (b)(2)(C).

## ANALYSIS

The Parillos' argue that this matter should be remanded for two (2) reasons. The first is that NWH failed to file all documents served upon "defendants." The second, identified for the first time in the Parillos' Reply, is that NWH failed to allege unanimity of consent in its removal Notice. Each argument will be addressed seriatim.

### Failure To File All Documents

The Parillos argue that this matter must be remanded because NWH failed to attach all documents that were served on defendants. However, NWH did attach all documents that were served upon it as required by the removal statute, 28 U.S.C. § 1446. Section 1446 requires NWH to attach "all process, pleadings, and orders served" upon it. The removal statute does not require NWH to attach all process, pleadings and orders that have been docketed and/or served upon any party in the case. NWH must attach only the process, pleadings and orders served upon NWH.

Apparently NWH was not a party to this lawsuit until served with the Second Amended Class Action Complaint. NWH then removed the Second Amended Class Action Complaint and attached all process, pleadings, and orders that had been served on it to the removal Notice. Therefore, NWH is not in violation of the removal statute.

However, even if the removal statute could be construed to require NWH to file all of the process, pleadings and orders that were served in this case, as opposed to all of the process,

pleadings and orders that were served upon NWH, the failure to file the process, pleadings and orders that were not served upon NWH is not grounds for remand. This is not grounds for remand because NWH provided the information necessary for this Court to verify its subject matter jurisdiction[3] and failure to provide the other documents would be a procedural failure. As more fully set forth above, procedural failures are not cause for remand.

## Unanimity of Consent

The Parillos argue that NWH failed to allege unanimity of consent in its removal Notice. Parillos' argument regarding unanimity of consent is not valid for at least two (2) reasons.

First, "[i]t is well-established that a party cannot raise new issues in a reply brief...." *In re FirstEnergy Corp. Securities Litigation*, 316 F. Supp.2d 581,599 (N.D. Ohio 2004)(citing *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002)). The Parillos raised the unanimity-of-consent issue for the first time in their Reply brief. Therefore, the unanimity-of-consent issue cannot be considered by the Court. But, if it were considered, it would be without merit.

This matter was removed by NWH on October 28, 2014. In its removal Notice, NWH pled that, as of that date, it did not know if service of the Second Amended Class Action Complaint had been perfected on Lowe's Companies, Inc. or Lowe's Home Centers, Inc. Further, since the removal Notice included an Answer filed by Werner, there is evidence, available to NWH, that the Second Amended Class Action Complaint had been served on Werner.[4]

---

[3]The Court determined that subject matter jurisdiction, including diversity of citizenship, existed before addressing any matters in this case.

[4]In addition, the attorneys for Werner and NWH are the same individuals.

On November 5, 2014, eight (8) days after the removal Notice was filed, Werner, Lowe's Home Centers, Inc. and Lowe's Companies, Inc. consented to removal. Presumably Werner, Lowe's Home Centers, Inc. and Lowe's Companies, Inc. consented within the thirty (30) day window in which removal was proper. There is no evidence or argument otherwise.

Thus, Werner, Lowe's Home Centers, Inc. and Lowe's Companies, Inc. have complied with the removal statute. There appears to be unanimity of consent that is consistent with the requirements in the removal statute.

Even though the unanimity of consent in this case is consistent with the requirements in the removal statute, the Parillos argue that NWH was required to allege unanimity of consent in its removal Notice. In support of this argument, the Parillos cite several cases. However, these cases indicate that unanimity of consent is a requirement, and not that the removing party is required to allege unanimity of consent.

## CONCLUSION

The Parillos' Motion To Remand (doc. #9) is OVERRULED. There is no evidence that NWH failed to attach all copies of all process, pleadings and orders served upon NWH as required by the removal statute. If there was a procedural failure, and the Court has not identified one, NWH could correct it.

Further, the Parillos' argument regarding unanimity of consent cannot be considered, but, if it were, it is without merit because there is unanimity of consent and NWH was not required to allege unanimity of consent in its removal Notice.

**DONE** and **ORDERED** in Dayton, Ohio this Fourth Day of December, 2014.

s/Thomas M. Rose

                                                                _____  
                                                                          THOMAS M. ROSE  
                                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record