# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVE J. PARILLO, et al.,

        Plaintiffs,        Case No. 3:14-cv-369

v.        Judge Thomas M. Rose

WERNER CO., et al.,

        Defendants.

___

**ENTRY AND ORDER GRANTING, IN PART, DEFENDANTS' PARTIAL MOTION TO DISMISS (DOC. 33) AND DISMISSING COUNTS 1, 2, 6, AND 7 OF THE THIRD AMENDED COMPLAINT (DOC. 31)**
___

This case is before the Court on the "Partial Motion to Dismiss" (Doc. 33) filed by Defendants Lowe's Home Centers, LLC, New Werner Co., and Werner Co. ("Defendants"). For the reasons stated below, the Court grants Defendants' motion as to Counts 1, 2, 6 and 7 of the Third Amended Complaint, and denies the motion as to Count 3.

**I.    PROCEDURAL BACKGROUND**

On October 28, 2014, Defendant New Werner Holding Co. removed this action from the Clark County Court of Common Pleas (Ohio). (Doc. 1). On the same day, Plaintiffs filed a copy of the Second Amended Complaint, which they had originally filed in Clark County. (Doc. 3) On May 26, 2015, with the Court's leave, Plaintiffs filed a Third Amended Complaint. (Doc. 31.) On June 9, 2015, Defendants filed the Partial Motion to Dismiss, which seeks dismissal of the first, second, third, sixth, and seventh claims asserted in the Third Amended Complaint. (Doc. 33.) The Partial Motion to Dismiss has been fully briefed and is now ripe for the Court's

review. (Docs. 37, 38.)

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts "well-pled factual allegations as true and determines whether they plausibly state a claim for relief." *Rapp v. Dutcher*, 556 Fed.Appx. 444, 447 (6th Cir. 2014) (citing *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must allege enough facts to "move the claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.    ANALYSIS

Defendants move to dismiss five of the eight claims asserted in the Third Amended Complaint. (Doc. 31.) Specifically, Defendants seek dismissal of Counts 1 (Violation of the Ohio Consumer Sales Protection Act), 2 (Negligent Misrepresentation), 3 (Fraudulent Concealment), 6 (Negligence), and 7 (Breach of Warranties). Defendants do not move to dismiss Counts 4 and 5, which are brought against Defendants under the Ohio Product Liability Act ("OPLA"), Ohio Rev. Code § 2307.71, et seq., and Count 8 for loss of consortium.

### A.     Ohio Consumer Sales Protection Act and Negligent Misrepresentation Claims

Defendants argue, and Plaintiffs concede in their response, that Plaintiffs' claims under the Ohio Consumer Sales Protection Act (Count 1) and for negligent misrepresentation (Count 2) should be dismissed because they are preempted by the OPLA. (Doc. 33 at 4-8; Doc. 37 at 1.)

As the Court agrees with the parties, Counts 1 and 2 of the Third Amended Complaint are DISMISSED.

### B. Fraudulent Concealment

Defendants present two grounds for dismissal of Plaintiffs' claim for fraudulent concealment (Count 3): that Plaintiffs have not pled the claim with sufficient particularity under Fed. R. Civ. P. 9(b), and that the claim is preempted by the OPLA. The Court finds that Plaintiff's fraudulent concealment claim is not preempted by the OPLA and that Plaintiff has met the standard for pleading fraud under Rule 9(b). As a result, Defendants' motion to dismiss this claim is denied.

The OPLA applies to "[a]ny recovery of compensatory [or punitive] damages based on a product liability claim." Ohio Rev. Code § 2307.72(A)-(B). The OPLA defines a "product liability claim" as:

> [A] claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
>   (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
>
>   (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
>   (c) Any failure of that product to conform to any relevant representation or warranty.
>
> 'Product liability claim' also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply, marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public.

Ohio Rev. Code Ann. § 2307.71(M).

Pursuant to an amendment effective April 7, 2005, "the OPLA eliminated common law product liability causes of action." *Mitchell v. Proctor & Gamble*, No. 2:09-CV-426, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010) (citing Ohio Rev. Code § 2307.71(B) ("Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action.") and, among others, *Miles v. Raymond Corp.*, 612 F.Supp.2d 913, 920 (N.D. Ohio 2009) ("the language of 2307.71(B) clearly proclaims the legislature's specific intention to eliminate common law product liability causes of action")). The OPLA's preemption of common law product liability claims does not extend, however, to "[a]ny recovery of compensatory damages for economic loss based on a claim that is asserted in a civil action, other than a product liability claim." Ohio Rev. Code § 2307.72(C). "Economic loss" refers to "direct, incidental, or consequential pecuniary loss, including, but not limited to, damage to the product in question, and nonphysical damage to property other than that product." Ohio Rev. Code § 2307.71(A)(2). "Economic loss" excludes "death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question." Ohio Rev. Code § 2307.71(A)(7) (defining "Harm"). Thus, to the extent that a plaintiff asserts a non-product liability claim for exclusively economic loss, it is not preempted by the OPLA.

Plaintiffs' claim for fraudulent concealment falls within the category of claims that are not preempted by the OPLA. Plaintiffs premise this claim on allegations that "Defendants were aware that the ladder at issue here would not support the amount of weight stated on the ladder's disclosure." (Doc. 37 at 2 (citing Doc. 37-1).) Plaintiffs further allege that "Defendants fraudulently concealed the defective condition of the ladder, causing damages to Plaintiffs in the form of *replacement and other costs*." (Doc. 31, ¶ 52 (emphasis added).) Construing this claim in the light most favorable to Plaintiffs, Plaintiffs seek only economic damages for the fraudulent concealment of

4

the ladder's weight capacity. *Doe v. SexSearch.com*, 551 F.3d 412, 416 (6th Cir. 2008) (on motion to dismiss, the court construes the complaint "in the light most favorable to the nonmoving party and accept[s] all well-pleaded factual allegations as true"). So construed, this claim is not preempted by the OPLA.

Plaintiffs have also pled fraudulent concealment with sufficient particularity under Rule 9(b). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that a plaintiff must plead "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Allen v. Andersen Windows, Inc.*, 913 F.Supp.2d. 490, 515 (S.D. Ohio 2012) (quoting *Bird v. Delacruz*, 411 F. Supp. 2d 891, 895 (S.D. Ohio 2005)).

In order to plead a claim for fraud or fraudulent concealment under Ohio law, a plaintiff must allege: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Bryk v. Berry*, 2008-Ohio-2389, ¶¶ 6-7, 2008 WL 2079463, *2 (Ct. App. Ohio, May 19, 2008). The Supreme Court of Ohio has held that "a vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection." *Layman v. Binns*, 35 Ohio St. 3d 176, 178, 519 N.E.2d 642, 644 (1988).

The Third Amended Complaint contains allegations that Plaintiff Dave Parillo purchased a ladder from a Lowe's store in Plymouth, Indiana in 2007. (Doc. 31, ¶ 24.) That ladder

5

allegedly contained a latent defect that caused the ladder to break when, six years later, Mr. Parillo used it to replace a light bulb in his garage. (*Id.*) Plaintiffs allege that Defendants had a duty to disclose the ladder's latent defect when it was sold, but did not. Plaintiffs describe the nature of the alleged defect in detail – that the zinc aluminum "used to create the hinges and legs for the Ladder is unstable and prone to bending, cracking, shattering and shearing." (*Id.*, ¶ 19.) Plaintiffs allege that Defendants had knowledge of the alleged defect through allegations that Lowe's learned of the defect and, as a result, required New Werner Holding Co., Inc. and Werner Co. to agree to indemnify Lowe's entities "for any past and future liabilities associated with these ladders." (*Id.*, ¶ 6.) The Court finds these allegations sufficiently particularized to meet the standard for pleading fraud under Rule 9(b).

Defendants' motion to dismiss Plaintiffs' claim for fraudulent concealment is DENIED.

### C. <u>Negligence and Breach of Warranties</u>

Defendants move to dismiss Plaintiffs' claims for negligence and breach of warranties as preempted by the OPLA. In response, Plaintiffs argue that they have pled all of the elements of simple negligence and implied warranty. They do not address Defendants' argument that the claims are preempted.

As discussed above, OPLA eliminated common law causes of action based on product liability under Ohio law. Courts have expressly held that claims for negligence and breach of warranty are among the claims that are preempted. *See*, *e.g.*, *Miles v. Raymond Corp.*, 612 F.Supp.2d. 913, 917-24 (N.D. Ohio 2009) (dismissing common law negligence and breach of warranty claims as preempted under OPLA). Accordingly, Plaintiffs' claims of negligence and breach of implied warranty are DISMISSED.

## IV.     CONCLUSION

Defendants' Partial Motion to Dismiss is GRANTED as to Counts 1, 2, 6 and 7, and DENIED as to Count 3.  Accordingly, Counts 1, 2, 6 and 7 of the Third Amended Complaint are DISMISSED.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, July 28, 2015.


                                           s/Thomas M. Rose

                                          _____
                                               THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE