# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVE J. PARILLO, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:14cv00369 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| WERNER CO., *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY

Plaintiffs allege in their Third Amended Complaint that Defendants New Werner and Werner Holdings and/or their predecessors-in-interest manufactured a ladder (the Subject Ladder) purchased by Plaintiff Dave J. Parillo.  Plaintiffs further allege that the design of the Subject Ladder is "defective inasmuch while standing on the ladder, the load distribution is such that weight is transferred to the rear legs causing these legs to shear...."  (Doc. #31, *PageID* #s272-73).  Plaintiffs further allege, in part, that when Mr. Parillo stood on the Subject Ladder to replace a light bulb, "it broke causing him to fall and forcefully strike his head on the concrete floor." *Id*. at 273.

This matter is before the Court Defendants' Motion to Compel Production of Subject Ladder (Doc. #47), Plaintiffs' Memorandum in Opposition (Doc. #50),

Defendants' Reply (Doc. #51), and the record as a whole.

Defendants seek an Order compelling Plaintiffs to submit and produce the Subject Ladder to Defendants' metallurgical expert witness, Dr. Thomas W. Eagar, at his address at the Massachusetts Institute of Technology in Boston, Massachusetts for inspection and testing.  Alternatively, Defendants seek an Order precluding Plaintiffs from introducing and/or admitting any and all evidence and expert testimony relating to the Subject Ladder or any similar ladder.  The Subject Ladder is presently in Texas.

Plaintiffs do not object to Dr. Eagar testing the ladder, they simply want the testing to occur at a laboratory – Metallurgical Engineering Services – in Richardson, Texas.  Plaintiffs rely on their expert witness Dr. R.C. Jerner's statement that the "ladder is very flimsy and the possibility of shipping damage and alteration of the evidence exists." (Doc. #50, *PageID* #585).

Where will Dr. Eager will inspect and test the Subject Ladder: Richardson, Texas or Boston, Massachusetts?   The answer rests on the fact that although the Subject Ladder is presently the focal point of the parties and their experts, it will in the near future be a central feature at the summary-judgment stage and/or at trial.  Indeed, it is difficult to overstate the significance the Subject Ladder has to both parties.  It is therefore a paramount concern to the truth-seeking function of litigation that the Subject Ladder be kept – as close as reasonably possible – in its current condition at least until Dr. Eager performs his non-destructive inspection and testing.  This makes Richardson, Texas the

better location because it will enable Defendants' expert Dr. Eager to inspect and test the Subject Ladder as it is and as it presumably was when Plaintiffs' expert inspected and tested it. This is so regardless of how "flimsy" the Subject Ladder presently is due to the possibility even a ladder in sturdy condition might sustain damage or alteration that could spawn evidentiary or factual issues regarding its damage or alteration. Additionally, the worst scenario for the truth-seeking function and the parties is one in which the Subject Ladder is destroyed or lost during shipping. Although certainly less likely than damage, these possibilities are not outlandish and are not so improbable that they should be ignored.

  Defendants contend that Plaintiffs are attempting turn Defendants' request for non-destructive inspection of the ladder into a required meeting for destructive testing in Texas. This contention stems from statements Dr. Jerner made in his affidavit that "'[f]urther examination and destructive testing must be conducted to ascertain the root cause of the subject ladder leg separation.'" (Doc. #50, *PageID* #597 (quoting Jerner Report, p. 9)). Defendants correctly point out that their Motion to Compel is not about destructive testing.

As a result, whatever dispute, if any, might exist over destructive testing of the Subject Ladder, it is not presently at issue.

  Lastly, in light of the foregoing, Defendants' alternative motion to preclude Plaintiffs from introducing and/or admitting any and all evidence and expert testimony

relating to the Subject Ladder or any similar ladder is denied.

**IT IS THEREFORE ORDERED THAT:**

Defendants' Motion to Compel Production of Subject Ladder (Doc. #47) is

DENIED.


February 24, 2016

s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge
