# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVE J. PARILLO, et al., | : | Case No. 3:14-cv-369 |
| Plaintiffs, | : | Judge Thomas M. Rose |
| v. | : | |
| LOWE'S HOME CENTERS, LLC, et al., | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING MOTION FOR LEAVE (DOC. 87) TO RESPOND INSTANTER TO DEFENDANT'S REPLY BRIEF AND GRANTING MOTION IN LIMINE (DOC. 83) TO EXCLUDE LAY WITNESS OPINION TESTIMONY REGARDING MEDICAL CAUSATION AND DIAGNOSIS**

---

This case is before the Court on the Motion in Limine (Doc. 83) to Exclude Lay Witness Opinion Testimony regarding Medical Causation and Diagnosis filed by Defendant Lowe's Home Centers, LLC ("Lowe's"). Lowe's moves to prohibit Plaintiffs from offering lay opinion testimony as to medical causation, diagnosis, prognosis or permanency of Plaintiff Dave Parillo's injuries. (Doc. 83 at 1.) Plaintiffs filed an Opposition (Doc. 85) to the Motion in Limine, in response to which Lowe's filed a Reply. Plaintiffs moved for leave to file a sur-reply, but the Court deems further briefing unnecessary. (Doc. 87.)

Plaintiff argued that a sur-reply was warranted because Lowe's attempted to argue in its Reply that Plaintiffs' treating physicians should not be permitted to testify. The Court did not construe the Reply in that manner. In addition, the parties stipulated

to the testimony that Mr. Parillo's treating physicians will be permitted to provide at trial. (Doc. 84-1.) The Court's consideration of the Motion in Limine (Doc. 83) does not modify that stipulation. Accordingly, Plaintiffs' Motion for Leave (Doc. 87) to Respond Instanter to Defendant's Reply Brief is **DENIED**.

Lowe's expects Plaintiffs to present evidence that Mr. Parillo suffered injuries to his left shoulder, neck and head when he fell from a ladder. The parties agreed that Mr. Parillo's treating physicians will testify only as fact witnesses and will not offer expert opinions related to the "diagnosis, prognosis, causation and/or permanency" of Mr. Parillo's alleged injuries. (Doc. 84-1 at 1.) Lowe's argues that it would also be improper for Plaintiffs to present lay opinion testimony on these same issues because lay witnesses do not have the requisite "scientific, technical or other specialized knowledge" to do so. (*Id.* at 2, citing Fed. R. Evid. 701(c) and *Trout, et al., v. Hershey Medical Center, et al.*, 2008 U.S. Dist. LEXIS 65202 (M.D. Pa. Aug. 26, 2008).)

Under Federal Rule of Evidence 701, lay witnesses may testify in the form of an opinion that is limited to one that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [regarding testimony by expert witnesses]."

Plaintiffs' claims are brought under Ohio law. "Under Ohio law, a plaintiff must present expert medical testimony to establish causation when she asserts a specific physical injury, the cause for which is not within common knowledge." *Botnick v. Zimmer*, 484 F. Supp. 2d 715, 724 (N.D. Ohio 2007). "To prove proximate causation for

medical conditions or illnesses allegedly caused by a defective product, a plaintiff must show by a reasonable degree of medical certainty that the disease or injury was caused by the defective product." *Id.* Thus, lay witness opinions regarding the cause of complex medical conditions are not only prohibited under Rule 701, they are also irrelevant in a product liability lawsuit under Ohio law.

None of Plaintiffs' lay witnesses was designated as an expert (obviously) or otherwise shown to have the scientific, technical, or specialized knowledge to provide opinion testimony regarding the medical diagnosis, prognosis, causation or permanency of Mr. Parillo's injuries. Mr. Parillo may be able to provide opinion testimony, however, regarding the aspects of his injuries that are rationally based on his perception and within the common knowledge of a lay person. For example, Mr. Parillo may be able to opine regarding the cause of the injury to his left shoulder. This is because Mr. Parillo personally suffered that injury and a lay person could understand that falling onto your left shoulder from a ladder might injure that shoulder. On the other hand, Mr. Parillo is not qualified to opine regarding the medical diagnosis, prognosis, causation or permanency of his alleged brain injury. Only a medical expert whose opinion meets the requirements of *Daubert* and Federal Rule of Evidence 702 could testify regarding the diagnosis of a traumatic brain injury and its link to Mr. Parillo's fall from the ladder.

In the end, it is impossible for the Court to rule definitively on the proper scope of Plaintiffs' lay witness testimony without more information about Mr. Parillo's alleged injuries. Thus, the Court **GRANTS** the Motion in Limine (Doc. 83) to the extent

that Plaintiffs shall not be permitted to elicit lay opinion testimony regarding the medical diagnosis, prognosis, causation and/or permanency of any alleged injury to Mr. Parillo that would require "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

The Court acknowledges the parties' dispute—also referenced in their briefing on the Motion in Limine—regarding whether Mr. Parillo may testify about treating physicians' statements to him. Any objections to such testimony are best addressed under the hearsay rules. The Court generally agrees with Lowe's, however, that Plaintiffs should not attempt to introduce expert opinions through Mr. Parillo that are barred by the parties' stipulation (Doc. 84-1) regarding treating physicians' testimony.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 18, 2017.

s/Thomas M. Rose

---
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE