UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVE J. PARILLO, et al., | : | Case No. 3:14-cv-369 |
| Plaintiffs, | : | Judge Thomas M. Rose |
| v. | : | |
| LOWE'S HOME CENTERS, LLC, et al., | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING MOTIONS IN LIMINE REGARDING EXPERT TESTIMONY OF DR. JERNER AND DR. BURKE**

This case is before the Court on the Motions in Limine made orally by counsel for Defendant Lowe's Home Centers, LLC ("Lowe's"). In the morning of September 18, 2017, the Court empaneled an eight-person jury to hear Plaintiffs' claims in this case. The Court then recessed the jury for the afternoon so that counsel could bring any evidentiary issues to the Court's attention before commencing trial. Lowe's counsel brought three Motions in Limine, which relate to two of Plaintiffs' experts—Dr. R. Craig Jerner, Ph.D., a metallurgist, and Dr. John F. Burke, Jr., Ph.D., an economist.

Lowe's moves to exclude the opinions of Dr. Jerner and Dr. Burke that were not contained in expert reports or supplemental expert reports provided to Lowe's in accordance with Fed. R. Civ. P. 26(a)(2) and (e). As to Dr. Jerner, Lowe's seeks to exclude opinions that he provided for the first time at his deposition on August 2, 2017. Lowe's directed the Court to pages 105 and 106 of Dr. Jerner's deposition (Doc. 98), in

which Lowe's counsel asked Dr. Jerner if his opinion about a manufacturing issue (specifically "burring") was contained in his expert report or a letter in which he supplemented that report. Dr. Jerner responded "No." When Lowe's counsel asked Dr. Jerner if he was going to supplement his expert report, he responds that he will if Plaintiffs' counsel asks him to do so. In the end, Dr. Jerner never supplemented his expert report to provide all of the information about this new opinion that is required under Rule 26(a)(2)(B). Lowe's would be unfairly prejudiced if Plaintiffs were permitted to present the new opinions identified for the first time at Dr. Jerner's deposition, despite their failure to comply with Rule 26's expert disclosure provisions. The Court therefore **GRANTS** the Motion in Limine as to Dr. Jerner.

Lowe's moves to exclude a supplemental expert report for Dr. Burke that Plaintiffs first produced on September 18, 2017, the same day that the jury was empaneled. Permitting Dr. Burke to testify on the basis of this belatedly produced report would also unfairly prejudice Lowe's. The Court therefore **GRANTS** this Motion in Limine as to Dr. Burke's supplemental expert report.

Lowe's also moves to exclude any opinion from Dr. Burke regarding prospective damages because Plaintiffs will not present any expert medical testimony to support the allegation that Mr. Parillo's fall from the ladder caused a permanent medical condition. In support, Lowe's cites *Marzullo v. J.D. Pavement Maint.*, 975 N.E.2d 1 (Ohio Ct. App. Dec. 8, 2011).

In *Marzullo*, the plaintiff employer alleged that the defendant paving company improperly sealed the employer's parking lot, which caused one of its employees to slip

2

and fall. After a jury returned a verdict, both parties appealed. One of the issues before the Ohio court of appeals was whether the trial court abused its discretion by permitting Dr. Burke—the same Dr. Burke retained by Plaintiffs in this case—to testify regarding the injured employee's future loss of earnings and in-kind services. The court of appeals noted longstanding Ohio law that "expert evidence as to future pain and suffering, permanency of injuries, or lasting impairment of health is required when the injury is subjective in character." *Id.* at 9, citing *Day v. Gulley*, 175 Ohio St. 83, 191 N.E.2d 732 (1963). The court of appeals continued:

> An injury is subjective in character when the injury alone is insufficient to allow the jury to conclude with reasonable certainty that a plaintiff will suffer future damages. *See*, *e.g.*, *Day*. Accordingly, expert testimony on the extent of a plaintiff's subjective injury is necessary for an award of prospective damages. *Day* at 86, 191 N.WE.2d 732; *Powell*, 27 Ohio App.2d at 119, 272 N.E.2d 906. If the injury is an objective injury, i.e., loss of an arm or leg, the injury itself provides the "evidentiary basis for the jury to conclude with reasonable certainty that future damages, such as medical expenses will probably result." *Powell* at 119, 272 N.E.2d 906.

*Marzullo*, 975 N.E.2d at 9. The court of appeals found that the employee allegedly suffered from a subjective medical condition, which could only be proven through expert medical testimony. However, the plaintiffs had not presented such testimony. As a result, Dr. Burke's opinion regarding future lost earnings was based merely on assumptions and should not have been permitted. *Id.* at 10.

Here, Dr. Burke's opinion regarding future lost earnings and prospective damages is premised entirely on an alleged brain injury that Mr. Parillo suffered as a result of his fall. A brain injury is the kind of subjective medical condition that requires expert medical testimony under Ohio law. By their own admission, Plaintiffs do not

3

have any medical experts who will testify to a reasonable degree of medical certainty regarding Mr. Parillo's alleged brain injury, including its causation and permanency. Therefore, Dr. Burke's opinion in this case, like his opinion in *Marzullo*, is based on unsupported assumptions and should not be permitted. The Court therefore **GRANTS** the Motion in Limine to exclude Dr. Burke's opinion testimony.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, September 19, 2017.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE